In the Matter of MARK ALAN SPIRITIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 8, 1993

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Westbury *(Robert P. Guido* of counsel), for petitioner.

*Hoffinger Friedland Dobrish Bernfeld & Stern, P. C. (Jack S. Hoffinger* of counsel, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with six allegations of professional misconduct.

Charge One alleges that the respondent has engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. In or about August 1987, the respondent agreed to assist his client in collecting rental arrears due and owing him from a tenant in a dwelling owned by his client. In or about September 1987, the respondent stated to his client, that he (the respondent) had obtained a judgment on his client's behalf against the tenant. This statement by the respondent was false, misleading, and deceptive, in that the respondent knew at the time he made the statement that no such judgment had been obtained against the tenant. In or about September 1987 the respondent stated that he (the respondent) had collected $1,200 on his client's behalf from the tenant. This statement by the respondent was also false, misleading, and deceptive, in that the respondent knew at the time he made the statement that no money had been collected by the respondent from the tenant.

Charge Two alleges that the respondent issued a worthless check to a client. On or about September 1, 1987, the respondent delivered a check to his client (Charge One), payable to his client, in the amount of $1,200, dated September 4, 1987. The check (No. 130) was signed by the respondent and drawn against a bank account, labeled "Mark Spiritis, Esq., Escrow Account", at the Bank of New York in Island Park, New York. At the time the respondent issued and delivered this check to his client, the account had, in fact, been closed. On or about September 4, 1987, when the client presented the respondent's check No. 130 for payment, the check was dishonored by the Bank of New York, with their advice that the account against which the check was drawn was a "closed account."

Charge Three alleges that the respondent has failed to properly cooperate with the Grievance Committee for the Tenth Judicial District in its investigation of a complaint filed against him. On or about October 28, 1987, the Grievance Committee sent a letter to the respondent, enclosing a copy of the complaint filed against him and requesting that the respondent submit a written response thereto within 15 days. No answer was received until December 31, 1987. On or about

January 21, 1988, the Grievance Committee sent a letter by regular mail to the respondent, requesting that he submit additional information within 10 days. The respondent did not submit an answer until February 26, 1988. The respondent appeared for a deposition at the Grievance Committee offices on December 8, 1989 at which time the staff counsel requested that the respondent submit additional bank records relevant to the complaint. No response was received from the respondent or his attorney until the respondent, compelled by subpoena, appeared at the Committee offices for a second deposition on May 16, 1990.

Charge Four alleges that the respondent failed to cooperate with the Grievance Committee in its investigation of a complaint. On or about July 20, 1988, the Grievance Committee sent a letter to the respondent, enclosing a copy of the complaint filed against him, and requesting that he submit a written response within 15 days. An answer was not submitted until February 9, 1989. The respondent appeared for a deposition at the Grievance Committee offices on December 8, 1989, at which time the staff counsel requested that the respondent submit additional bank records relevant to the complaint. No response was received from the respondent or his attorney until the respondent, compelled by subpoena, appeared at the Committee offices for a second deposition on May 16, 1990.

Charge Five alleges that the respondent failed to cooperate with the Grievance Committee in its investigation of a complaint filed against him. On or about January 11, 1990, the Grievance Committee sent a letter by regular mail to the respondent, enclosing a copy of the complaint and requesting that he submit his written response within 15 days. No response was received from the respondent or his attorney until the respondent appeared at the Grievance Committee offices for a deposition on May 16, 1990. During the course of the deposition, the respondent's attorney stated that a written answer would be submitted "within one week from today at the absolute latest." No answer was received until August 27, 1990.

Charge Six alleges that from in or about 1986 to date, the respondent has failed to properly maintain and preserve books and records for bank accounts which concern or affect his practice of law as required by this Court's rules.

The Special Referee sustained the six charges of misconduct.

The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to confirm in part and to disaffirm in part the report of the Special Referee.

We find that the Special Referee properly sustained the six charges of misconduct. The respondent admitted Charge Six in its entirety and admitted Charge Two to the extent that he issued a check when there were insufficient funds available. The respondent's partial admission with respect to Charge Two is an admission of misconduct and as such, we find that Charge Two was properly sustained. The evidence submitted in support of Charges Three, Four, and Five reveal a pattern of neglect by the respondent and were properly sustained.

With respect to Charge One, we find the respondent's explanation at trial is inconsistent with the explanation he proffered during the Grievance Committee's investigatory stage, and that the respondent was unable to adequately explain this inconsistency. In contrast, the complainant's testimony with respect to this charge has never changed, and we find the evidence adduced at trial supports the sustaining of Charge One.

We find that the respondent is guilty of the six charges of misconduct. The petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion to confirm in part and to disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied.

In determining an appropriate measure of discipline, we have considered the evidence in mitigation advanced by the respondent, but nevertheless find him guilty of serious professional misconduct, and it is the decision of this Court that the respondent be suspended from the practice of law for a period of two years.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to confirm in part and to disaffirm in part the report of the Special Referee is granted to the extent that the Special Referee's report is confirmed and is otherwise denied; and it is further,

Ordered that the respondent, Mark Alan Spiritis, is suspended from the practice of law for a period of two years,

commencing March 8, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mark Alan Spiritis, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.